HIRAM WILLIAMS, PLAINTIFF IN ERROR, v. WALTER BATES, DEFENDANT IN ERROR.

Deceit: PROMISSORY NOTE: SALE: CONSIDERATION. One B. having a note of D. in his possession, which he had paid in full out of funds of D., in his hands, afterwards sold the note to W., representing it to be a valid and subsisting obligation against D., and that D. resided near F. in this state, all of which was untrue. *Held*, That W. could recover the consideration paid to B. for the note.

ERROR to the district court for Jefferson county. Tried below before MORRIS, J.

*Boyle & Lindley*, for plaintiff in error, cited: *Pasley v. Freeman*, 2 Smith's Leading Cases, 55. *Upton v. Vail*,

6 Johns., 181.  3 Wait's Actions and Defenses, 452.  *Wilson v. Foree,* 6 Johns., 110.

*W. H. Snell,* for defendant in error, cited : *Ellis v. Andrews,* 56 N. Y., 83.    *Crown v. Brown,* 30 Vt., 707.

MAXWELL, J.

This action was commenced in the county court of Jefferson county to recover the sum of $85.00 and costs. The defendant demurred to the bill of particulars, the demurrer was sustained and the action dismissed. The district court affirmed the judgment of the county court.

This being a case where a justice of the peace has cognizance neither the statute nor the practice in justice's courts authorize a demurrer to a bill of particulars. This objection, however, was not urged in the brief of either attorney and will not be interposed by the court.

It is alleged in the bill of particulars " that on or about the 18th day of April, 1880, the defendant purchased of the plaintiff certain real estate, and in part payment therefore sold to the plaintiff a promissory note for $82, given by one E. W. Davis to B. S. Barker or bearer; that the defendant represented that said note was good and valuable and worth its face, and that Davis, the maker thereof, resided near Fairbury, Nebraska, and the defendant "knew of no reason why the note should not be promptly paid when due"; that at the time of making these representations the defendant well knew that said note had been paid and the security released, and that said note was worthless for the reason that Davis, the maker thereof, had fully paid the same to the defendant. There is also an allegation that the defendant had assumed the payment of the note, and had with funds received from Davis paid the same in full. It is alleged that Davis is not a resident of the state, and that said note has not been paid to the plaintiff.

In *Pasley v. Freeman*, 3 T. R., 51, it was held that a false affirmation made by the defendant with intent to defraud the plaintiff, whereby the plaintiff receives damage, is the ground of an action of deceit. This case was cited with approval in *Upton v. Vail*, 6 Johns., 181, where it is said that case [*Pasley v. Freeman*] went not upon any new ground, but upon the application of a principle of natural justice, long recognized in the law, that fraud or deceit, accompanied with damage, is a good cause of action. See also cases cited in Smith's L. C. (6th ed.), 176–186. The rule is well settled that a false affirmation as to existing facts made by a party with intent to defraud another, and by which he is defrauded is actionable. Now if the allegations of the petition are true, the defendant who had assumed the payment of a note, and had paid the same out of funds of the maker in his hands, sold such note to the plaintiff, at the same time representing that it was a valid and subsisting obligation and that he had no reason to doubt that it would be paid when due, and that the maker was a resident of this state. Whatever the rights of the plaintiff may be as against the maker of the note, which we need not now determine, the defendant knew that his representations in regard to the note and by which the plaintiff was induced to purchase the same, were false, and that the note had been paid in full. This being so the defendant had no right to sell and transfer it to the plaintiff, and as the plaintiff is alleged to have sustained injury thereby he may recover against the defendant. The judgment of the district court and also of the county court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.